JOHN K. WHITHED v. JOHN McADAMS.

The holder of negotiable paper, indorsed in blank or payable to bearer, is presumed to be the owner for consideration. If circumstances cast suspicion on his title, as if it come to him from or through one who had stolen it, then he must prove that he gave value for it.

It is not necessary, in order to put the plaintiff upon proof of his title, or to require him to account for his possession, (of a promissory note payable to A or bearer) that there should be proof positive of facts sufficient to negative and disprove his title. It was sufficient if the evidence cast a doubt and suspicion upon it.

See this case for testimony which was held to be sufficient to require the plaintiff to account for his possession of the note sued on, which was payable to bearer.

Error from Walker.  Tried below before the Hon. Peter W. Gray.

Suit by plaintiff in error against defendant in error, com-menced in a Justice's Court, September 7th, 1855, on a prom-issory note, for $124, dated September 10th, 1851, due one day after date, payable to Martha McAdams or bearer, and signed by the defendant ; thirty-five dollars credited on the back, Nov. 12, 1852.  Answer by defendant, filed in Jus-tice's Court, that he owed the note, but that it was in the pos-session of and belonging to, the payee, Martha McAdams, at the time of her death, on the—— day of ——, 1853 ; that there was no administration on her estate ; that defendant is one of her sons ; and that the plaintiff, or some other person, surrep-titiously abstracted the said note from among the papers of said Martha, after her decease.  Judgment in Justice's Court for plaintiff.  *Certiorari* by defendant.  Jury waived and cause submitted to the Judge upon the following evidence :

The plaintiff introduced the note in evidence ; and the de-fendant introduced the deposition of William S. Ragsdale, as follows :  I know the parties ; knew Martha McAdams ; she was the defendant's mother ; think she died about three years ago last May ; (date of deposition not given ; date of trial, Oct. 1856.—Reps.)  I examined the papers in her possession at the time of her decease, in the presence of some of her daughters, but do not recollect which besides Martha Rags-dale, a day or two after death.  Among her papers I saw a note drawn by John McAdams, payable to her or bearer ; the amount of the note I do not exactly recollect ; I think it was a hundred and forty or fifty dollars ; there was a credit on the note, but I do not recollect the amount.  I do not know indi-vidually how Mr. Whithed came into possession of the note. There has been no administration on the estate of Martha Mc-Adams, that I know of.

On this evidence the Court gave judgment for the defend-ant.

*A. P. Wiley,* for appellant.

*A. M. Branch,* for appellee, cited Story on Prom. Notes, Sec. 383, 386 ; Id. 2nd ed. p. 222, 223, note 4 ; Chitty on Bills, 192 ; Patterson v. Hardacre, 4 Taunt. 114 ; Thompson v. Wheeler, 2 Tex. R. 360.

WHEELER, J. If, at her decease, Mrs. McAdams was the holder of the note, thereafter only her legal representative, or his assignee, could have a right of action upon it. The plaintiff's possession was *prima facie* evidence of ownership ; but might be rebutted by circumstances which cast suspicion and doubt upon his title. The holder of negotiable paper, indorsed in blank or made payable to bearer, is presumed to be the owner for consideration. If circumstances cast suspicion on his title, as if it came to him from or through one who had stolen it, then he must prove that he gave value for it. (1 Parsons on Con. 206.) The evidence, it is true, does not identify the note with the certainty which would be necessary in a suit upon it ; nor does it amount to proof that there had been no administration on the estate of Mrs. McAdams. But it was not, it is conceived, necessary, in order to put the plaintiff upon proof of his title, or to account for his possession, that there should be proof positive of facts sufficient to negative and disprove his title. It was sufficient if the evidence cast a doubt and suspicion upon it ; which we think it did. The defence before the Justice apprised the defendant that he was charged with having improperly possessed himself of the note without right. He was notified also by the petition for *certiorari,* to come prepared with evidence to account for his possession, and establish his right. There was evidence sufficient to subject his title to doubt and suspicion ; and under the circumstances, the Court very properly refused to give judgment in his favor,

in the absence of any evidence to show that his possession was *bona fide*. The judgment is affirmed.

Judgment affirmed.